IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CT-3329-FL

| | | |
|---|---|---|
| THOMAS T. DILLARD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| FRANK PERRY, W. DAVID GUICE, GEORGE SOLOMON, BELINDA DUDLEY, GWENDOLYN SCOTT, REGINALD MEWBORN, E.W. WALLACE, THOMAS E. ASBELL, II, CYNTHIA O. THORNTON, PAULA S. PAGE, C. HERNANDEZ, D. GIBBS, JOE SOLANO, M. SLAGLE, LAUREN HARRELL, JASON PENLAND, TIM JONES, G. GARNER, TOMMY L. PAGE, JR., CAPTAIN MILLIS, JAMES C. MARLOWE, P.G. CHRISAWN, CHAD GREEN, MIKE BALL, LIEUTENANT PHILLIPS, SERGEANT DAWSON, MARY E. WILLIAMS, RASHIA L. NORMAN, SCARLETT R. ASWELL, CRISSY H. SMITH, NICKI A. WEBB, ASHLEY WELCH, MONICA BOND, DAVID MAY, JR., JOHN DOE 1-3, LEMMIE SMITH, MATTHEW DELBRIDGE, KRISTIE STANBACK-BENNETT, NICOLE SPRUELL, CAPTAIN CAIN, RANDY A. MARKHAM, PATRICIA BLACKBURN, PROGRAM SUPERVISOR STEWART, E. WHITTED, GEORGIA S. BRYANT, K. FAIRLEY, CUSTODY OFFICER BARCINAS, KENNETH E. LASSITER, ERIK A. HOOKS, KRISTY NEWTON, G. CRUTCHFIELD, JEFFREY FIELDS, MARSHALL PIKE, and HAROLD BELK, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motions to dismiss (DE 65, 69, 74), and the following motions filed by plaintiff: 1) to strike defendants Delbridge, Newton and Welch's reply brief (DE 94); 2) to allow waiver of the requirements of Local Rule 7.2 (DE 95); 3) to require that plaintiff's release from custody be within all necessary transitional/aftercare assistance and/or without imposition of undue prejudice to plaintiff's abilities to continue to effectively litigate (DE 99); 4) for entry of order to protect security/confidentiality of evidence and legal documents (DE 100, 102); and 5) for entry of order upon pending motions (DE 103). The motions to dismiss and plaintiff's motion to strike have been fully briefed, and defendants did not respond to the remaining motions. In this posture, the issues raised are ripe for ruling. For the following reasons, the court grants the North Carolina Department of Public Safety defendants' ("DPS defendants") motion to dismiss and denies all remaining motions as moot.

**BACKGROUND**

On December 5, 2016, plaintiff, a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendants failed to protect him from assaults, did not provide adequate access to the courts, and subjected him to unlawful disciplinary measures. The operative amended complaint names 56 defendants, most of whom are DPS prison officials. Plaintiff seeks compensatory and punitive damages, and injunctive relief.

On June 13, 2017, plaintiff filed motion to amend the complaint. The court conducted its initial frivolity review of the complaint and proposed amended complaint on June 16, 2017, and directed plaintiff to file amended complaint particularizing his claims. The court granted plaintiff's motion to amend in that same order.

On June 28, 2017, plaintiff filed motion for reconsideration of the court's frivolity order. On July 19, 2017, plaintiff filed motion to appoint counsel. The court denied the motion for

2

reconsideration in an order entered on July 25, 2017, and again directed plaintiff to file an amended complaint that complied with instructions set forth in the June 16, 2017, frivolity order.

Plaintiff filed his amended complaint on August 9, 2017. As discussed further below, plaintiff's amended complaint named 56 defendants, alleged the same legal claims contained in the original and proposed amended complaints, and referred the court to his previously-filed pleadings for "greater detail, depth, and specificity." (DE 15 at 20).[1]

On October 10, 2017, the court denied plaintiff's motion to appoint counsel. On October 13, 2017, the court conducted its frivolity review of the amended complaint and allowed the matter to proceed.

Defendant Smith filed the instant motion to dismiss on April 26, 2018, arguing the amended complaint fails to state a claim on which relief can be granted. On May 11, 2018, defendants Delbridge, Newton, and Welch filed the instant motion to dismiss, arguing plaintiff's claims are barred by various immunity doctrines. The DPS defendants filed their motion to dismiss on May 16, 2018, asserting among other things that the amended complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff timely filed responses in opposition to each of the instant motions. Defendants Delbridge, Newton, and Welch filed reply in further support of their motion to dismiss on July 9, 2018.

After briefing on the motions to dismiss was complete, plaintiff filed the following instant motions: 1) to strike defendants Delbridge, Newton, and Welch's reply brief (July 16, 2018); 2) to allow waiver of requirements of Local Rule 7.2 (July 23, 2018); 3) to require that plaintiff's release from custody be within all necessary transitional/aftercare assistance and/or without imposition of

---

[1] Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

3

undue prejudice to plaintiff's abilities to continue to effectively litigate (November 8, 2018); 4) for entry of order to protect security/confidentiality of evidence and legal documents (November 29, 2018 and January 7, 2019); and 5) for entry of order upon pending motions (January 9, 2019).[2] Defendants Delbridge, Newton, and Welch filed response to plaintiff's motion to strike reply brief, and defendants did not file responses to the remaining motions.

## COURT'S DISCUSSION

The amended complaint asserts the following claims for relief: 1) defendants[3] failed to protect plaintiff from assaults; 2) defendants enforced a no contact order in a manner that prevented plaintiff from accessing the courts; 3) defendants subjected plaintiff to unlawful disciplinary measures; 4) defendants enforced DPS policy in a manner that prevented his access to the courts; and 5) the DPS administrative remedy procedure impairs plaintiff's access to the courts.

The DPS defendants move to dismiss plaintiff's complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a)(2) provides that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When determining whether to dismiss a complaint for failure to comply with Rule 8, the court considers: 1) the length and complexity of the complaint; 2) whether the complaint is clear enough to enable the defendant to know how to defend himself; and 3) whether the plaintiff

---

[2]Plaintiff has filed numerous additional motions in this matter, including the following: 1) for preliminary injunction (June 8, 2017 and December 6, 2017); 2) to certify class (February 14, 2018); 3) for entry of order of estoppel (April 17, 2018); 4) for assistance to obtain address information (April 20, 2018); 5) for entry of order to facilitate internet search (April 24, 2018); 6) for entry of order of estoppel (May 14, 2018); 7) in concern of questionable delay in receipt of service (May 31, 2018); and 8) to allow waiver of requirements of Local Civil Rule 7.2 (June 25, 2018). The court granted the motion to allow waiver of requirements of Local Civil Rule 7.2 and denied the remaining motions in orders entered June 6, 2017, February 2, 2018, April 6, 2018, and July 11, 2018.

[3]As discussed further below, each claim is asserted against dozens of defendants, but not all defendants are named in each count. For ease of reference, the court refers to the defendants identified in each count as "defendants." In light of the resolution of this case set forth below, it is not necessary to identify the precise defendants associated with each claim.

was represented by counsel. North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004); see also Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000); United States ex. rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003); Elliott v. Bronson, 872 F.2d 20, 21-22 (2d Cir. 1989) (per curiam).[4] While a pro se plaintiff's complaint is entitled to liberal construction, this rule of construction is "not . . . without limits." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Here, the court's June 16, 2017, order explained that plaintiff's original and proposed amended complaints did not comply with Rule 8 and directed plaintiff to file amended complaint. The order provided as follows:

> The court now conducts an initial review of plaintiff's complaint and [proposed] amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must liberally construe the filings of pro se litigants. [Hill, 277 F.3d at 707]. However, there are limits to which the court may go in dealing with such filings. See Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir. 1998) ("[N]otice pleading requires generosity in interpreting a plaintiff's complaint. But generosity is not fantasy."); see also [Beaudett, 775 F.2d at 1278] ("Principles requiring generous construction of pro se complaints are not, however, without limits."). Plaintiff has breached those barriers. The court understands that "'[w]hat constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters.'" Chao v. Rivendell Woods, Inc., 415 F.3d 342, 346-47 (4th Cir. 2005) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1217, at 240-41 (3d ed. 2004)). However, plaintiff's complaint naming at least 38 defendants and numerous claims arising out of several correctional institutions, along with his 39-page [proposed] amended complaint, are so confusing that the court cannot put the matter into a manageable form to make the requisite determinations. The interests of judicial economy do not permit plaintiff to pursue his "mishmash of a complaint" in its current form. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).
>
> Generally, a court may not dismiss a claim pursuant to Rule 8 without first providing the plaintiff an opportunity to amend his complaint. See Owens v. Hunt, No. 98-7008, 1998 WL 781037, at *1 (4th Cir. Nov. 10, 1998). Accordingly, the

---

[4]The Fourth Circuit has not addressed the standard for dismissal of a complaint for failure to comply with Rule 8 in a published opinion.

court provides plaintiff 14 days from the date of this order to file one amended complaint. Any amended complaint should state precisely whom plaintiff seeks to name as defendants and avoid unnecessary details. Plaintiff should briefly mention the specific events and correlating dates which are the basis for suit and the constitutional rights violated. Plaintiff is notified that the court must focus on how the events proffered by plaintiff affected him, specifically the injury he sustained, and by whom it was inflicted. Any amended complaint <u>must</u> be shorter and clearer than the existing pleadings. Plaintiff is not required to provide any evidentiary support for his claims at this time, and his efforts to do so are not helpful to the court. Plaintiff additionally is notified that his amended complaint may include only those claims for which he has completely exhausted his administrative remedies. <u>See</u> 42 U.S.C. § 1997e(a); <u>see</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006). Finally, plaintiff's amended complaint will be considered the complaint in its entirety.

(DE 11 at 2-3).

Plaintiff's amended complaint does not comply with these instructions. Plaintiff filed a 23-page complaint that lists 56 defendants, describes five separate legal claims, and within each claim identifies dozens of defendants (by defendant number, not name), allegedly responsible for the violations. (Am. Compl. (DE 15) § V). The amended complaint then refers the court and defendants to plaintiff's previously-filed complaint and proposed amended complaint for "greater detail, depth, and specificity [with respect to the factual allegations]." (<u>Id.</u> at 20).

The operative amended complaint is not a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). For example, plaintiff alleges "[d]efendants 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 21, 23, 24, 28, 29, 30, 34, 40, 41, 47, 50, 51, 53, 54, 55, 56 fail and/or refuse to . . effect, or enforce any manner of a valid administrative remedy procedure (ARP) by which plaintiff could be allowed any reasonable ability to file a valid grievance [which in turn impairs plaintiff's access to the courts]." (Am. Compl. (DE 15) at 20). Plaintiff makes no attempt to explain how the named defendants were personally responsible for the alleged constitutional violations, despite specific instructions to do so in the June 16, 2017, order, and as required under Rule 8. <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) ("A claim [complies

6

with Rule 8] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); McGuirt, 114 F. App'x at 559 (affirming dismissal of complaint under Rule 8 where "the complaint in its present form does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it" (emphasis added)); see also Sewraz v. Long, 407 F. App'x 718, 719 (4th Cir. 2011) (reversing Rule 8 dismissal where "the Defendants could easily determine what causes of action applied to them and what factual allegations supported each cause of action").

Plaintiff asserts his original pleadings provide sufficient factual allegations connecting the defendants to the alleged misconduct. But the June 16, 2017, order explained that the amended complaint "will be considered the complaint in its entirety" and thus the court specifically instructed plaintiff that he could not provide factual support for his claims by cross-referencing his original and proposed amended complaints. (DE 11 at 3). Additionally, where the court previously determined that plaintiff's pleadings failed to comply with Rule 8, plaintiff was on notice that referring the court to such pleadings "for greater detail, depth, and specificity" would not suffice to allege viable claims for relief.

Even assuming the June 16, 2017, order did not expressly prohibit cross-references to the prior pleadings, such references cannot save the amended complaint from a Rule 8 dismissal. Plaintiff's original complaint and proposed amended complaint comprise 118 pages of primarily single-spaced handwritten allegations, which the court previously has found to be "so confusing that [the pleadings] cannot [be] put . . . into a manageable form . . . ." (DE 11 at 2-3). A complaint is properly dismissed under Rule 8 where the plaintiff's "attempt[s] to match the factual allegations to [the] legal claims . . . forces the reader to cross-reference the factual background section and wade indeterminately through [a] morass of superfluous detail." McGuirt, 114 F. App'x at 558-59; see

7

also Garst, 328 F.3d at 376 (holding plaintiff's more definitive statement did not comply with Rule 8 where it "is loaded with so many acronyms and cross-references to the third amended complaint [which previously had been dismissed for failure to comply with Rule 8] that no one could understand it without juggling multiple documents").

The DPS defendants, to their credit, attempted the monumental task of matching the allegations in plaintiff's amended complaint with the original and proposed amended complaints. The DPS defendants' efforts reveal that plaintiff has not alleged viable claims for relief against many of the named defendants, and that the cross-references to the prior pleadings would require painstakingly combing through the operative amended complaint and prior pleadings to connect the correct defendants to the potentially viable claims. (DPS Defs' Mem. (DE 75) at 10-28). To take one representative example, the amended complaint alleges all five claims against defendant Asbell, but contains no specific factual allegations explaining how defendant Asbell was personally responsible for the alleged violations. (Am. Compl. (DE 15) at 6, 15-17, 20). To identify the precise factual allegations alleged against defendant Asbell, the court and defendants must read all 141 pages of plaintiff's pleadings.[5] On page 40 of plaintiff's original complaint, plaintiff alleges defendant Asbell did not respond to plaintiff's requests for assistance filing criminal charges against certain non parties.[6] (DE 1 at 40). The 140 remaining pages of plaintiff's pleadings contain no factual allegations specifically directed against defendant Asbell. Rule 8 does not require defendants or the court to wade through this morass of irrelevant facts and frivolous claims to determine which claims are potentially viable and which defendants are responsible for the alleged violations. Garst,

---

[5] Plaintiff's original complaint is 82 pages, his proposed amended complaint is 36 pages, and the operative amended complaint is 23 pages.

[6] Defendant Asbell's refusal to assist plaintiff with filing criminal charges does not violate plaintiff's constitutional rights. See Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988).

328 F.3d at 378 ("Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter."); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (holding complaint fails to comply with Rule 8 where "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies"). The court's June 16, 2017, order placed the responsibility of filing a coherent pleading that complies with Rule 8 on plaintiff, and he has not succeeded. See Garst, 328 F.3d at 378 ("Rule 8(a) requires parties to make their pleadings straightforward . . . .").

In sum, the amended complaint does not comply with Rule 8. The amended complaint is too long and complex to give defendants fair notice of the claims, particularly in light of the required cross-references to plaintiff's prior pleadings, and the exceptional difficulty of identifying which defendants were personally responsible for the alleged violations.[7]

The court also dismisses the complaint with prejudice. As set forth above, the court has provided plaintiff one opportunity to file an amended pleading that complies with Rule 8, and detailed instructions explaining how to draft the amended pleading. Plaintiff did not follow the court's instructions. The court has "seen no evidence in the record that would indicate that if the plaintiff[] [was] given further opportunities [to amend], [he] would be able to correct the deficiencies." McGuirt, 114 F. App'x at 560; see also Kuehl v. FDIC, 8 F.3d 905, 909 (1st Cir. 1993) (affirming dismissal with prejudice where plaintiff had been given one opportunity to comply with Rule 8 but failed to do so, and noting "in some circumstances if a party fails or refuses to file

---

[7]As plaintiff notes, the court previously found that plaintiff's amended complaint survived frivolity review under 28 U.S.C. § 1915(e)(2)(B). The fact that the amended complaint survived the court's frivolity review does not render the complaint immune from a Rule 12(b)(6) motion to dismiss. See id. (providing a complaint filed by a plaintiff seeking to proceed in forma pauperis is subject to dismissal "at any time" under § 1915(e)(2)(B) if the court determines the actions is frivolous, malicious, or the complaint fails to state a claim on which relief can be granted). Having now had the benefit of comprehensive briefing by the DPS defendants, the court agrees that the complaint does not comply with Rule 8.

an amended and simplified pleading or does not exercise good faith in purporting to do so, the severe sanction of a dismissal on the merits may be warranted").

## CONCLUSION

Based on the foregoing, the court GRANTS the DPS defendants' motion to dismiss (DE 74), and dismisses the complaint with prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The court DENIES all pending motions (DE 65, 69, 94, 95, 99, 100, 102, 103) as moot, and DIRECTS the clerk to close the case.

SO ORDERED, this the 18th day of March, 2019.

LOUISE W. FLANAGAN
United States District Judge